**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
_____
                               :
JOSE VARGAS,                   :        Civil No.  09-1219 (JBS)
                               :
          Petitioner,          :
                               :
     v.                        :        **OPINION**
                               :
STATE OF NEW JERSEY, et al., :
                               :
          Respondents.         :
_____:
```

**APPEARANCES:**

>     JOSE VARGAS, Petitioner pro se
>     # 529605C
>     Camden County Correctional Facility
>     P.O. Box 90431
>     Camden, New Jersey 08101

**SIMANDLE, District Judge**

Petitioner, Jose Vargas ("Vargas"), confined at the Camden County Correctional Facility at the time he submitted this petition for filing, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3), alleging that he has been denied his federal constitutional right to a speedy trial. The named respondents are the State of New Jersey, the Commonwealth of Pennsylvania, and the United States of America. This Court has reviewed the pleadings submitted by Vargas, and for the reasons stated below, the petition will be dismissed for lack of subject matter jurisdiction.

## I.  <u>BACKGROUND</u>

Vargas appears to challenge several separate criminal actions admittedly proceeding in the state courts of New Jersey and Pennsylvania and in this District Court.[1]  Namely, Vargas argues that his due process right to a speedy trial has been violated in <u>State of New Jersey v. Vargas</u>, Complaint No. W-2008-283, 284, 285-0411; enjoining Complaint No W-2008-5031, 5030, 10981-0408; <u>Commonwealth of Pennsylvania v. Vargas</u>, Warrant No. 51-BW-0012934-2008; and <u>United States v. Vargas</u>, Docket No. 1:08-cr-863 (JBS).

In his petition, Vargas admits that no judgment of conviction has been entered against him.  He was arrested on May 26, 2008 by the Collingswood Police in Collingswood, New Jersey.  Vargas states that the arrest represents the most recent charges against him.  Vargas requested a probable cause hearing but allegedly has not received one.  Therefore, he claims that he was denied due process because he was not granted a probable cause hearing within 48 hours after his arrest.  He also appears to assert that he was unlawfully arrested.

---

[1]  At the time that Vargas filed this habeas petition, his federal criminal proceeding before this Court, <u>United States v. Vargas</u>, 08-cr-863 (JBS), was still pending.  On May 15, 2009, Vargas pled guilty to one count of possession of a weapon by a convicted felon, and on September 29, 2009, he was sentenced to a 92-month term of imprisonment.  <u>See</u> <u>United States v. Vargas</u>, 08-cr-863 (JBS), Docket entry no. 16, (judgment of conviction).

Vargas further alleges that the state or federal courts do not have jurisdiction over the subject matter or over Vargas with respect to the criminal matters.  It is not clear from the petition whether this argument is based on a claim that his New Jersey arrest warrant was defective and that his extradition to Pennsylvania was unconstitutional.  Vargas cites case law but alleges no clear facts to support his claim that jurisdiction is lacking in the criminal matters.[2]

Vargas also alleges that the police conducted an illegal search of the vehicle.  The petition offers no factual clarity as to the basis of the illegal search claim.  It does appear, however, that Vargas is denying that a gun was seen on the passenger side floor in plain view, and that there was no basis to conduct a pat down search of petitioner.  Vargas states that an evidentiary hearing should have been held or requested by counsel.

Vargas also seeks to impeach all declarations by Collingswood Patrolman Michael Tauline and Rosa Ruiz which are part of the police report, claiming that they were coerced and taken under duress.

---

[2]  This Court again notes that Vargas pled guilty to the federal charges in United States v. Vargas, 08-cr-863 (JBS), and was convicted and sentenced in that matter in September 2009. (See United States v. Vargas, 08-cr-863 (JBS), Docket entry no. 16, (judgment of conviction)).

3

Finally, Vargas states that there was no true bill of indictment by the grand jury with respect to his New Jersey charges because the true bill was never signed by the grand jury foreperson or the Prosecutor.

Vargas filed several motions with his petition. First, he asks for leave to proceed in forma pauperis ("IFP"), but does not provide a complete IFP application with a signed certification from an authorized officer of the institution where he is confined. He also moves to be transferred to a federal detention center. Next, he asks for appointment of counsel to represent him in his habeas action. Vargas filed another motion for issuance of a writ of error to review all state and federal court documents, and a separate motion to have all state cases consolidated in this habeas action. Last, Vargas seeks an Order to Show Cause for dismissal of all of his state and federal indictments and for his release from confinement.

## II.  ANALYSIS

A.  Standards for a Sua Sponte Dismissal

Section 2243 provides in relevant part as follows:

A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

Vargas brings his habeas petition as a pro se litigant. A pro se pleading is held to less stringent standards than more

4

formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

Section 2241 of Title 28 of the United States Code provides in relevant part:

> The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(a), (c)(3).

B.  Jurisdictional Issue

1.  *Vargas' State Court Criminal Matters*

In this case, Vargas concedes that no judgment has yet been entered with respect to his New Jersey and Pennsylvania state court criminal proceedings.  He is attempting to dismiss those proceedings by this habeas petition by alleging that he was denied a speedy trial and that his arrest warrant and indictment are defective.

Federal courts do have jurisdiction, under 28 U.S.C. § 2241, to issue a writ of habeas corpus before a judgment is entered in a state criminal proceeding.  Moore v. DeYoung, 515 F.2d 437,

441-42 (3d Cir. 1975).  Addressing whether a federal court should ever grant a pretrial writ of habeas corpus to a state prisoner, the United States Court of Appeals for the Third Circuit has held:

> (1)   federal courts have "pre-trial" habeas corpus jurisdiction;
>
> (2)   that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present ... ;
>
> (3)   where there are no extraordinary circumstances and where petitioner seeks to litigate the merits of a constitutional defense to a state criminal charge, the district court should exercise its "pre-trial" habeas jurisdiction only if petitioner makes a special showing of the need for such adjudication and has exhausted state remedies.

Id. at 443.

Here, as noted above, Vargas seeks to invoke his right to a speedy trial as a constitutional defense to the pending state court criminal matters.  He also claims that his arrest was made without probable cause, that he was subject to an illegal search, and that his indictments are defective.  Vargas has not alleged that he has exhausted his state remedies with respect to these claims/defenses.  Nor does Vargas allege any "extraordinary circumstances" that would justify intervention by a federal court at this time.  See Moore, 515 F.2d at 445-46 (there is nothing in the nature of the speedy trial right that qualifies it as a per se "extraordinary circumstance").

6

Therefore, given the complete absence of any "exceptional circumstances" that would justify federal intervention in Vargas' pending state proceedings, this Court finds that the petition challenging his state court criminal matters must be dismissed at this time.

2.  *Vargas' Federal Criminal Proceeding*

As to the federal criminal proceeding, a judgment of conviction was entered against Vargas in September 2009, pursuant to a plea agreement and entry of guilty plea by Vargas. Accordingly, if he now wishes to challenge that conviction, he must first seek direct appellate review before the United States Court of Appeals for the Third Circuit, and once he has exhausted his claims on direct review, he can file a motion challenging his sentence and conviction under 28 U.S.C. 2255.  Section 2241 is not the proper means to challenge his federal conviction and sentence here.

Indeed, as a result of the practical difficulties encountered in hearing a challenge to a federal sentence in the district of confinement rather than the district of sentence, in its 1948 revision of the Judicial Code, Congress established a procedure whereby a federal prisoner might collaterally attack his sentence in the sentencing court.[3]  See 28 U.S.C. § 2255;

---

[3] The addition of 28 U.S.C. § 2255 was deemed necessary because a § 2241 petition must be filed in the district where the prisoner is confined and "the few District courts in whose

7

Davis v. United States, 417 U.S. 333, 343-44 (1974); United States v. Hayman, 342 U.S. 205, 219 (1952).  Section 2255 provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255, ¶ 1.

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).  This is because § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is "inadequate or ineffective" to test the legality of the

---

territorial jurisdiction major federal penal institutions are located were required to handle an inordinate number of habeas corpus actions far from the scene of the facts . . . solely because of the fortuitous concentration of federal prisoners within the district." United States v. Hayman, 342 U.S. 205, 213-14 (1952).

petitioner's detention.[4]   See 28 U.S.C. § 2255.   Specifically,
paragraph five of § 2255 provides:

> An application for a writ of habeas corpus
> [pursuant to 28 U.S.C. § 2241] in behalf of a
> prisoner who is authorized to apply for
> relief by motion pursuant to this section,
> shall not be entertained if it appears that
> the applicant has failed to apply for relief,
> by motion, to the court which sentenced him,
> or that such court has denied him relief,
> unless it also appears that the remedy by
> motion is inadequate or ineffective to test
> the legality of his detention.

28 U.S.C. § 2255, ¶ 5; see Cradle v. U.S. ex rel. Miner, 290 F.3d
536 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir.
1997).

A § 2255 motion is inadequate or ineffective, authorizing
resort to § 2241, "only where the petitioner demonstrates that
some limitation of scope or procedure would prevent a § 2255
proceeding from affording him a full hearing and adjudication of
his wrongful detention claim." Cradle, 290 F.3d at 538. "It is
the inefficacy of the remedy, not the personal inability to use
it, that is determinative." Id. "Section 2255 is not
'inadequate or ineffective' merely because the sentencing court
does not grant relief, the one-year statute of limitations has

---

[4] The "inadequate or ineffective" language was necessary
because the Supreme Court held that "the substitution of a
collateral remedy which is neither inadequate nor ineffective to
test the legality of a person's detention does not constitute a
suspension of the writ of habeas corpus." Swain v. Pressley, 430
U.S. 372, 381 (1977).

expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.  The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements."  Id. at 539.

The United States Court of Appeals for the Third Circuit has recognized that, under certain very rare situations, a prisoner who cannot satisfy the gate-keeping requirements of § 2255 should be permitted to proceed under § 2241, which has neither a limitations period nor a proscription against filing successive petitions.  See Dorsainvil, 119 F.3d at 251.  The Dorsainvil exception, which addresses what makes a § 2255 motion "inadequate and ineffective," is satisfied only where petitioner "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate."  119 F.3d at 251.  The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent limitations or gatekeeping requirements of § 2255.  Id. To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of

10

conviction by the United States Supreme Court, may not have been criminal conduct at all.  Id. at 251-52.

Here, this Court finds that Vargas has not made any showing that he is entitled to relief under § 2241 based on the narrow exception that § 2255 is "inadequate or ineffective."  See Dorsainvil, supra.[5]  Therefore, this petition will be dismissed with respect to any challenges Vargas may be asserting with respect to his federal criminal conviction.  Nothing herein precludes Vargas from filing a petition to set aside his federal conviction in this court pursuant to 28 U.S.C. § 2255.

C.  Petitioner's Various Motions

Because this petition will be dismissed for lack of subject matter jurisdiction, Vargas' various motions shall be dismissed as moot.

---

[5]  In Dorsainvil, the Third Circuit held that, in order for a petitioner to claim § 2255 is "inadequate or ineffective," he must show (1) that he is innocent of the crime for which he was convicted and is being punished for an act that the law does not make criminal, pursuant to a previously unavailable statutory interpretation by the Supreme Court that changed the substantive law and which applies retroactively; (2) that he had no earlier opportunity to raise the claim; and (3) that he cannot raise the claim under § 2255.  Dorsainvil, 119 F.3d at 248-52.

## <u>CONCLUSION</u>

Based on the foregoing, this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is hereby dismissed for lack of subject matter jurisdiction.  All motions are dismissed as moot.  This dismissal is without prejudice to Vargas' right to file a petition for relief from his federal conviction in this Court pursuant to 28 U.S.C. § 2255.  An appropriate Order accompanies this Opinion.


 **s/ Jerome B. Simandle**
JEROME B. SIMANDLE
United States District Judge

Dated:    **December 9, 2009**